McCONNELL, Circuit Judge,
concurring.
I agree with the majority that the plaintiffs here were not “outside salesmen” because they did not have the authority to complete the transaction of signing recruits up for the Army. The more fundamental reason the plaintiffs must prevail, however, is that the activity of recruiting employees is not “sales” within the meaning of the Fair Labor Standards Act. The governing regulations define the term “outside salesman” as an employee “engaged away irom his employer’s place, or places, of business” in “making sales” or “obtaining orders or contracts for services.” 29 C.F.R. § 541.500. A recruiter does not sell goods or services or obtain orders or contracts for goods or services. Rather, the recruiter purchases (or in this case, engages in promotional activities leading to the purchase of) services from the recruit. A recruiter is more like a buyer than a seller.[1]
*1232 A Department of Labor Opinion Letter, cited by the plaintiffs (Appellees’ Br. at 17), is closely on point. See Opinion Letter from Dept. of Labor, Wage and Hour Div. (Oct. 4, 1982), 1982 DOL WH LEXIS 28. The letter holds that recruiters cannot be “outside salespersons” because “[w]ork such as recruiting an employee for the client would not be considered part of the sales activity of the recruiter.” Id. at *4. The Department of Labor regulations make clear that those who buy goods and services on behalf of their employers are not engaged in “sales,” even though they “in a very loose sense are sometimes described as selling their employer’s ‘service’ to the person from whom they obtain their goods. It is obvious that the relationship here is the reverse of that of salesman-customer.” 29 C.F.R. § 541.501(e) (2003).
Presumably, the majority does not place primary reliance on this rationale, see Maj. Op. 1229-30 n. 4, because in their briefs in this Court the appellees focused on other legal arguments. I have no quarrel with that, but the opinion should not be misconstrued as implying that recruiters would be “salesmen” if they had the authority to finalize the enlistments. Even if the plaintiffs in this case had accompanied the recruits into the recruiting station and signed the final paperwork on behalf of the Army, this would not make them “salesmen.” To be a salesmen, the employee’s job must be to sell. Hiring, or recruiting for hire, is not sales.

. A college recruiter is different. A college recruiter persuades prospective students to *1232 purchase the college’s services; he is not attempting to persuade students to sell their services to the college. Thus, Nielsen v. DeVry, Inc., 302 F.Supp.2d 747, 750 (W.D.Mich.2003), is inapposite.